JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6948 PA (RCx) | Date | June 3, 2010 |
|---|---|---|---|
| Title | Eleanor Payne v. Law Offices of Paul Stassinos | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **IN CHAMBERS - ORDER**

  Plaintiff Eleanor Payne ("Plaintiff") filed a complaint with this Court on September 24, 2009. On December 17, 2009, the Court issued an Order to Show Cause regarding lack of prosecution in light of defendant Law Offices of Paul Stassinos' ("Defendant") apparent failure respond to the complaint. In response, Plaintiff filed a request for the Clerk to enter default against Defendant on December 24, 2009. Default by the Clerk was entered on January 5, 2010. However, after further review, the Court issued an order on February 3, 2010, setting aside the default for Plaintiff's failure to properly serve Defendant. The Court also ordered Plaintiff to properly serve the summons and complaint on Defendant in accordance with Federal Rule of Civil Procedure 4(h) or California law, no later than February 19, 2010. On February 16, 2010, Plaintiff filed an application for extension of time to serve the complaint. The Court denied the application, citing its previous order of February 3, 2010, and requiring that Plaintiff properly serve Defendant and file a proof of service no later than February 19, 2010. As of April 30, 2010, Plaintiff still had not yet filed a proof of service. As such, the Court issued an order concerning Plaintiff's failure to comply with its February 3, 2010 Order. The Court ordered Plaintiff to properly serve the summons and complaint and file a proof of service no later than May 17, 2010. To date, however, Plaintiff still has not filed any response to the Court's Order.

  It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdick v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

  In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6948 PA (RCx) | Date | June 3, 2010 |
|---|---|---|---|
| Title | Eleanor Payne v. Law Offices of Paul Stassinos | | |

the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1423. Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." Id. (citing Ferdik, 963 F.2d at 1263).

Here, the first Henderson factor, the public's interest in expeditious resolution of litigation, will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (public's interest in expeditious resolution of litigation always favors dismissal)). Relatedly, with respect to the second factor, the Court's need to manage its docket will also be served by dismissal. See id. The third Henderson factor at least marginally favors dismissal because Defendant may be prejudiced unless the complaint is dismissed. See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642 (holding that failing to timely amend risks prejudice and can justify dismissal). The fourth and fifth Henderson factors also favor dismissal. In its most recent Order to Show Cause, the Court specifically warned Plaintiff that the "[f]ailure to [properly serve Defendant] may result in . . . dismissal of the complaint." However, Plaintiff failed to respond, even despite this warning. The Court has considered less drastic alternatives to dismissal with prejudice, and finds that the "less-drastic" sanction of dismissal without prejudice is appropriate. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

Accordingly, as a result of Plaintiff's failure to prosecute or respond to the Court's Orders, this action is dismissed without prejudice. See Federal Rule of Civil Procedure 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.

IT IS SO ORDERED.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PS |